UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JARREL DISMUKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:18-cv-1060-GCS |
| | ) | |
| JOHN BALDWIN, | ) | |
| SALVIDOR A. GODINEZ, | ) | |
| GLADYSE C. TAYLOR, | ) | |
| ROBERT MUELLER, and | ) | |
| SUPERINTENDENT OF THE | ) | |
| ILLINOIS CORRECTIONAL | ) | |
| INDUSTRIES, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

In May 2018, Plaintiff Jarrel Dismukes filed suit against Defendants, current and former Illinois Department of Corrections Directors and related officials, alleging deliberate indifference to his present and future health related to juice drinks, which were produced by Illinois Correctional Industries and allegedly contain ingredients that may produce benzene. Such drinks were served to prisoners incarcerated at Centralia Correctional Center ("Centralia"). Defendants moved for summary judgment on the merits of Dismukes's claims on December 18, 2019. (Doc. 49). With their motion, Defendants filed a notice, pursuant to Federal Rule of Civil Procedure 56, informing Dismukes of the consequences of failing to respond to their motion. (Doc. 51). The Court also warned Dismukes that failing to respond to a dispositive motion may result in an

order granting summary judgment and closing this case. (Doc. 23). To date, Dismukes has not responded to Defendants' motion. For the reasons delineated below, the Court **GRANTS** Defendants' motion for summary judgment.

### FACTUAL BACKGROUND

Pursuant to Local Rule 7.1(c), the failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion. Nonetheless, a brief recitation of the facts is of assistance in demonstrating that the exercise of that discretion is appropriate here.

At all times relevant to his complaint, Dismukes was incarcerated at Centralia. Defendant John Baldwin was Acting Director of the Illinois Department of Corrections ("IDOC") from August 2015 through May 23, 2019. Defendant Salvador Godinez was Director of IDOC from May 2, 2011, through December 31, 2014. He was Acting Director from January 2015 through February 2015. Defendant Gladyse Taylor was Acting Director of IDOC from June 16, 2015, through August 13, 2015, and again from May 17, 2019, through May 31, 2019. Defendant Robert Mueller was the Warden of Centralia from July 2015 through February 2018. Matthew Pogue is sued as the Superintendent of Illinois Correctional Industries ("ICI"), which produces the juice served by IDOC at Centralia.

In 2008, AFSCME Council 31 wrote to IDOC officials about a planned switch from juice drink to 100% juice. IDOC historically avoided 100% juice because of the "hooch-making capabilities," but IDOC indicated to the Union that it intended to include sodium benzoate in the juice to prevent fermentation. (Doc. 50-8). AFSCME was concerned about benzene being created as a byproduct of combining ascorbic acid and sodium benzene.

(Doc. 50-8). The juice was tested, however, and no benzene was detected except in the grape juice produced by ICI. Even in the grape juice, benzene was detected at levels considered to be safe by the Environmental Protection Agency. Nonetheless, the grape juice was no longer provided to IDOC after the 2008 testing. (Doc. 50-6). None of the defendants were in their above-described job positions at the time of the testing in 2008.

According to Dismukes, he was housed at Centralia in 2014 and worked in dietary for a few months at a time. Because he worked in dietary, Dismukes could drink unlimited juice during his shifts. He drank between fifteen and twenty-five juice products each day. He testified that when he would drink a lot of the juice, he would throw up and feel dizzy, and his heart would beat fast. (Doc. 50-1, p. 31). While he claims that he would throw up each time he drank the fifteen to twenty-five juice boxes, Dismukes testified that he only went to the healthcare unit twice in August 2017 for his nausea, vomiting, and headaches. (Doc. 50-1, p. 31, 34, 88-90). He was diagnosed with GERD and acid reflux by a physician in August 2017. He did not experience his symptoms when he did not drink large amounts of the juice.

Dismukes alleges that Matthew Pogue, Superintendent of Illinois Correctional Industries, was deliberately indifferent to present and future health risks posed by its juices (Count 1). He also claims Defendants Baldwin, Godinez, and Taylor were deliberately indifferent to the risks during their tenures as directors or acting directors of IDOC (Count 2). Finally, he claims that Warden Mueller was deliberately indifferent to the risks posed by the juice drinks served to inmates at Centralia (Count 3).

## ANALYSIS

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See Archdiocese of Milwaukee v. Doe,* 743 F.3d 1101, 1105 (7th Cir. 2014)(citing FED. R. CIV. PROC. 56(a)). *Accord Anderson v. Donahoe,* 699 F.3d 989, 994 (7th Cir. 2012). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). *Accord Bunn v. Khoury Enterpr., Inc.,* 753 F.3d 676, 681-682 (7th Cir. 2014).

In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *See Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained and as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 544 (7th Cir. 2014).

The Eighth Amendment prohibition on cruel and unusual punishment forbids the unnecessary and wanton infliction of pain. *See Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)(citation omitted). To succeed on a claim related to conditions of confinement, a plaintiff must establish both an objective and subjective element. *See Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008). As to the objective element, a prisoner must

establish that the conditions deny him "the minimal civilized measure of life's necessities," creating an excessive risk to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

To do so, a prisoner must show that the conditions resulted in an unquestioned and serious deprivation of basic human needs such as food, medical care, sanitation, or physical safety. *See Rhodes*, 452 U.S. at 347. The Eighth Amendment "does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans." *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001). Rather, "extreme deprivations are required to make out a conditions-of-confinement claim." *Turner v. Miller*, 301 F.3d 599, 603 (7th Cir. 2002) (citations and quotations omitted).

The subjective component of a claim for unconstitutional conditions of confinement requires demonstrating that a defendant had a culpable state of mind, that is that a defendant acted with deliberate indifference to a substantial risk of serious harm to the prisoner. *See Farmer*, 511 U.S. at 837, 842. While mere negligence does not amount to a constitutional violation, a plaintiff satisfies the deliberate indifference standard by showing that a prison official acted, or failed to act, despite the official's knowledge of a substantial risk of serious harm from the alleged unconstitutional conditions. *See Farmer*, 511 U.S. at 842; *Davidson v. Cannon*, 474 U.S. 344, 347-348 (1986). That is, prison officials must act to prevent "unreasonable peril" or to address "preventable, observed hazards that pose a significant risk of severe harm to inmates." *Anderson v. Morrison*, 835 F.3d 681, 683 (7th Cir. 2016).

Prison officials must provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *Smith v. Dart*, 803 F.3d 304, 312 (7th Cir. 2015) (quoting *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985)). Here, there is no evidence that benzene was present in juice served to Dismukes. To the contrary, the evidence suggests that the juice was tested and was not found to have harmful levels of benzene. The grape juice, which had trace amounts of benzene, was not provided to IDOC after the test results were available. No evidence ties Dismukes's alleged symptoms to benzene. As such, there is insufficient evidence to demonstrate that there was an excessive risk to inmate health posed by the juice produced by ICI.

Even if evidence of such a risk existed, there is no evidence that any of the named defendants failed to act despite their knowledge of the substantial risk of serious harm. Through affidavits, each Defendant denies being aware of any issues with alleged benzene in the juice, with the exception of Defendant Mueller, who learned of the claims through the grievance process. Mueller treated the grievance as an emergency, and Dismukes's claims were investigated by officials who concluded that the juice satisfied the appropriate state and federal safety guidelines. There is no evidence that Mueller acted with deliberate indifference towards any purported risk caused by the juice.

Given the support in the record for Defendants' arguments in favor of summary judgment, the Court finds this an appropriate instance in which to exercise its discretion under Local Rule 7.1(c). The Court interprets Plaintiff's failure to respond to Defendants' motion, after being warned of the consequences of failing to respond, as an admission of

the merits of the motion. The Court **GRANTS** Defendants' motion for summary judgment (Doc. 49). The Clerk of Court shall enter judgment in favor of Defendants John Baldwin, Salvador Godinez, Gladyse Taylor, Robert Mueller, and Matthew Pogue (Superintendent of Illinois Correctional Industries) and against Plaintiff Jarrel Dismukes and shall close this case. [1]

**IT IS SO ORDERED.**

Dated:  June 17, 2020.

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2020.06.17 12:24:21 -05'00'

GILBERT C. SISON
United States Magistrate Judge

---

[1] The Clerk of Court is DIRECTED to correct the docket sheet to reflect Defendants' names as stated herein.